**Romeo v. Campbell**
**Case No. 89CA69**
**Mahoning County, (7th),**
**Decided January 17, 1990**
[Cite as 1 AOA 234]

*For Plaintiffs-Appellees: Dennis Haines, Barry Laine, Dollar Bank Bldg., 4th Floor, P.O. Box 849, Youngstown, Ohio 44501,*

*For Defendants-Appellants: Constant A. Prassinos, 424 City Centre One, P.O. Box 837, Youngstown, Ohio 44503.*

O'NEILL, P.J.

This action originated in the trial court when Michael Romeo and Richard DeLuca, employees of the City of Campbell, on behalf of themselves and eighteen other employees employed in the Water Department and the Waste Water Treatment Department, filed a complaint requesting a permanent injunction. The complaint alleged that the mayor had advised the plaintiffs that, relative to the operation of the Campbell Water and Waste Water facilities, they intended to subcontract out all of the work presently performed by civil service employees to private contractors. Following a trial, the trial judge issued a permanent injunction restraining the defendants-appellants from soliciting bids, advertising for bids or contracting with private contractors for the operation of the water and waste water facilities within the City of Campbell. The mayor was further enjoined from terminating, abolishing or otherwise interfering with the plaintiffs' civil service employment in order to accomplish any contracting out of the jobs of the plaintiffs. A timely notice of appeal was filed.

The trial judge specifically found that all of the employees of the water and waste water treatment plants were in the classified service. He further found that, in addition to being in the classified service, the language of the Charter of the City of Campbell, Ohio, clearly provided that all of the employees in these two facilities were to be supervised directly by public employees identified as superintendents at both plants. Section 4.07 of Article IV of the Campbell City Charter provides that the department of sewage treatment shall consist of a superintendent and such other employees as may be provided by ordinance or resolution of council. This section goes on to state that the superintendent of sewage treatment shall exercise direct supervision of all employees in

the department. Section 4.08 of Article IV of the Campbell City Charter provides that the department of water shall consist of a manager and such other employees as may be provided by current or future ordinances or resolutions of council. This section goes on to provide that the manager shall exercise direct supervision over all employees in the department. The trial judge went on to conclude that there is no language in the Campbell City Charter that authorizes the contracting out of the duties and operation of the waste water treatment or water department. We do not agree with this conclusion. Section 4.11 of Article IV of the City Charter specifically provides:

"All the provisions of the Constitution and general laws of Ohio relative to Municipal Civil Service are hereby adopted and made a part of this Charter * * *." R.C. 124.321(D) clearly authorizes the abolishment of positions for reasons of economy.

"Employees may be laid off as a result of abolishment of positions. Abolishment means the permanent deletion of a position or positions from the organization or structure of an appointing authority due to lack of continued need for the position. An appointing authority may abolish positions as a result of a reorganization for the efficient operation of the appointing authority, *for reasons of economy, or for lack of work.* * * *." R.C. 124.321(D). (Emphasis added).

See also *Carter* v. *Ohio Department of Health* (1986), 28 Ohio St. 3d 463, 464. In the *Carter* case, the Ohio Supreme Court very specifically held that the foregoing statute (R.C. 124.321(D)) was clearly a basis for the contracting out of services to private firms for reasons of economy. Thus, in view of the incorporation of state statutes by the city charter that charter does authorize the contracting out of the duties and operation of the waste water treatment and water departments for reasons of economy. The Charter, by Section 4.07 and Section 4.08, however, specifically provides that the department of sewage treatment shall consist of a superintendent and that the department of water shall consist of a manager and, in view of this specific Charter provision, those two positions could not be abolished by ordinance or

resolution of council but only by an amendment of the Charter.

The trial judge went on to find that the City of Campbell may abolish jobs for economic purposes but continued to reason that, in the instant case, the jobs would not be abolished but rather would be filled by the employees of private contractors and non-civil service employees. It was his reasoning that the city was truly not engaging in job abolishment. The *Carter* court specifically addressed this argument wherein the court stated:

"The court of appeals held that an abolishment did not occur and that '* * * R.C. 124.321(D) does not allow a certified civil service employee to be laid off from a position while leaving that position intact for another person to fill, whether that person is another public employee or an employee of a private concern.'" (p. 464).

The *Carter* court very specifically stated "We disagree." (p. 464).

It was the reasoning of the *Carter* court that any evidence of an attempt to thwart the purposes of the civil service system would give rise to a barrier to job abolishment. The court stated:

"However, as the purposes of civil service should not be ignored, neither should substantial savings to the taxpayers of this state. The goal of maintaining the civil service system must be balanced with the goal of a fiscally responsible government." (p.464).

It was clear from all of the evidence that the defendant City had received proposals from private contractors for the operation of the two plants. It was obvious from testimony elicited, under cross-examination, that these proposals reflected a savings to the City of Campbell. There were many important cost items excluded in the proposals (Tr. 96-97). The mayor of the City of Campbell testified that, upon his review of the proposals, he was not sure whether the contracting out of services would amount to substantial savings (Tr. 106). The mayor very simply stated "I just don't know how much it will benefit the city" (Tr. 106). At the time that this case was tried in the lower court, the City of Campbell did not have, within its knowledge, evidence that the proposals, which were at hand, would result in substantial savings to the

taxpayers of the city. Thus, at that point in time, it could not clearly be established that the affected classified positions were being abolished "for reasons of economy" pursuant to R.C. 124.321.

It is our conclusion that the judgment of the trial court should have been that the City of Campbell was authorized to abolish various positions within the sewage treatment plant and the water department for reasons of economy pursuant to R.C. 124.321(D) and the Charter of the City of Campbell. However, in view of the fact that it was not firmly established that the proposed action of the city, in abolishing positions, was for reasons of economy, the city should be enjoined from abolishing positions absent such proof.

Judgment affirmed but for reasons other than found in the lower court.

DONOFRIO, J., Concurs.
COX, J., Concurs.